IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIMI MY HUONG LE,<br><br>            Petitioner,<br><br>          vs.<br><br>DEBORAH K. JOHNSON, Warden,<br>Central California Women's Facility,<br><br>          Respondent. | No. 2:12-cv-1845-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 27] |

Mimi My Huong Le, a state prisoner proceeding *pro se*, timely filed an "Objection to Judgement and Motion for Reconsideration" at Docket No. 27.  Le seeks relief from the Memorandum Decision and Judgment of this Court denying her Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on November 25, 2013, at Docket Nos. 25 and 26.  Because Le is seeking reconsideration of the judgment of this Court, and the motion was filed within twenty-eight days of entry of judgment, her motion is treated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment." (citation and internal quotation marks omitted)); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) the motion is necessary to present newly discovered or previously unavailable

evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). However, "amending a judgment after its entry [is] an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2810.1, 127-28 (2d ed. 1995)).

Le has not made an adequate showing under any of the four basic grounds for reconsideration referenced above; rather, she simply repeats arguments raised in her Petition and Traverse. Le has failed to provide any basis upon which this Court could reconsider its decision.

**IT IS THEREFORE ORDERED THAT** the Motion to Alter or Amend the Judgment at Docket No. 27 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*

*v. Cockrell*, 537 U.S. 322, 327 (2003))).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); Ninth Circuit R. 22-1.

Dated: January 10, 2014.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge